## No. 1249.

S. S. TATUM vs. JOHN A. COLVIN; JOHN T. HARDIE & CO., INTERVENORS.

The district judge is peculiarly competent and well qualified to judge of the value and credibility of witnesses residing in his vicinity, and with whom he is personally acquainted, especially in reference to questions of fraud and collusion, and his finding in such a case ought not to be lightly considered, or readily disturbed.

APPEAL from the Third District Court for the Parish of Lincoln. *Barksdale, J.*

*Graham & Holstead* for Plaintiff and Appellee.

*Price & Pollard* for Intervenors and Appellants.

The opinion of the court was delivered by

WATKINS, J.    This case is the counterpart of the one just decided, and entitled John J. Hardie & Co. vs. J. A. Colvin, S. S. Tatum et al., intervenors, No. 1248—the terms being reversed.

The plaintiff's attachment was filed and service made by defendant's acceptance, and seizure of his property was effected simultaneously and concurrently with that of John J. Hardie & Co.

To this suit the defendant plead the general issue, alleged the falsity of the plaintiff's affidavit, and, in reconvention, claimed $20,000 as damages for an unlawful seizure of his goods and the consequent destruction of his mercantile business.

The principal contest was that urged between the intervenors and the plaintiff.

On the trial there was judgment in the plaintiff's favor, for his debt against the defendant, sustaining his attachment, and rejecting the intervenors' demand; and the latter alone have appealed, and the defendant is eliminated from the controversy.

The evidence adduced on the trial of this case was very much the same as that on the Hardie case.   The same counsel are engaged in each case.

Altogether, we are of opinion that the intervenors' charges of fraud and collusion between the plaintiff and defendant are not made out. We think it clear that plaintiff has an honest debt against defendant, and that his attachment is serious, real and earnest.

That he is in some way related to the defendant, and that the latter accepted service on plaintiff's petition, can make no great difference; at least that can not amount to positive fraud.

On the whole the judge *a quo* has done substantial justice between the parties. He resides in their vicinage and knows all of them. He heard the various witnesses give in their testimony, and saw their

MONROE, JUNE, 1891. 857

State ex rel. Price and Abraugh vs. Sheriff.

manner when testifying. He is peculiarly competent, and well qualified to judge of such proof as abounds in this record, and especially with reference to charges of fraud and collusion; and in such a case his finding ought not to be lightly considered, or readily disturbed. We are of the opinion that his judgment should be affirmed, and it is so ordered.